**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3902-21

JAMES B. NUTTER AND
COMPANY,

     Plaintiff-Respondent,

v.

MELVENE L. KENNEDY,

     Defendant-Appellant.

_____

Argued April 17, 2024 – Decided July 29, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-011556-14.

Melvene L. Kennedy, appellant pro se.[1]

Kellie A. Lavery argued the cause for respondent (Saul Ewing LLP, attorneys; Ryan L. DiClemente and Kellie A. Lavery, of counsel and on the brief).

---

[1] Defendant did not appear for the scheduled oral argument on the appeal before us.

PER CURIAM

Defendant appeals from August 5, 2022 and August 17, 2022 orders[2] denying her motions to vacate the June 14, 2022 sheriff's sale of the property at issue in this completed foreclosure action. The trial court had entered final judgment in favor of plaintiff James B. Nutter and Company on June 5, 2018. We affirm.

On March 27, 2014, plaintiff filed its foreclosure complaint. The trial court granted plaintiff's summary-judgment motion on March 29, 2018. On April 25, 2018, plaintiff moved for entry of final judgment in the amount of $100,881.39. Final judgment was entered over defendant's objection on June 5, 2018, for $100,881.39, calculated with:

> interest at the contract rate of 3.875% on $89,359.54 being the principal sum in default, including advances, if any, from April 30, 2018 to June 5, 2018, the date of the entry of final judgment, and lawful interest thereafter on the total sum due the [p]laintiff until the same be paid and satisfied and also the costs of the aforesaid [p]laintiff with interest thereon.

---

[2] Defendant sought to include several other orders in the appeal, but, as set forth in the court's August 23, 2022 correspondence, her appeal of those orders was untimely and not accepted for filing pursuant to Rule 2:4-1(a), which requires an appeal to be filed within forty-five days of the date of the final order or judgment.

A-3902-21

On June 8, 2018, defendant filed a motion to "fix the amount due," which was denied. Defendant then exercised her two statutory adjournments of the sheriff's sale. See N.J.S.A. 2A:17-36. After those adjournments, she moved to stay the sheriff's sale. The court denied defendant's motion on January 18, 2019. Defendant filed two Chapter 13 bankruptcy petitions, which were dismissed by the federal court.[3]

Approximately one-and-a-half years after entry of the final judgment of foreclosure, the court granted plaintiff's first and second motions for additional funds from defendant, including $7,717.22 for real estate taxes and $4,838.00 for hazard insurance on each motion, and later that same year, the court granted plaintiff's third motion for additional funds including $10,024.61 for real estate taxes, and $6,168.00 for hazard insurance. In an order dated July 12, 2021, the court granted plaintiff's fourth motion for additional funds, including:

| | |
|---|---|
| Real estate taxes | $4,710.84 |
| Hazard Insurance | $1,349.00 |
| Advances from November 23, 2020 Order | $16,192.91 |
| Total Additional Advances | $22,252.45 |

Defendant filed a motion contesting the total sum, arguing she was due credits for payments she had made. On July 28, 2021, plaintiff cross-moved to

_____

[3] The filings and discharge orders are not included in this record.

amend the July 12, 2021 order to reflect the recalculated additional funds in the amount of $17,347.41.

Plaintiff's assistant vice-president submitted a certification, stating: "on receipt of [defendant]'s motion, [plaintiff] reviewed its records and determined that, through inadvertence and mistake, [defendant] was not given credit for certain payments made toward the subject mortgage loan." The vice-president's certification contained a recalculation of the additional funds totaling $17,347.41, comprised of: $14,735.44 in real estate tax from August 30, 2018 to April 29, 2021, plus $7,517.00 in hazard insurance from February 19, 2019 to May 24, 2021, minus $4,905.03 in credits paid by defendant from June 12, 2019 to March 13, 2020. Before the court decided the motions, plaintiff also received an insurance refund in the amount of $1,349.00, which plaintiff credited to defendant. Plaintiff submitted a revised proposed order for $15,998.41, which was entered by the court on October 1, 2021.

On March 28, 2022, the Clerk of Court executed a writ of execution directing the sheriff to sell the property. The sheriff's sale was scheduled for June 14, 2022. Defendant moved to stay the sale on May 16, 2022, and again on June 13, 2022, contesting the "post judgment charges" and "attorneys' fees."

The court denied both motions. The property was sold at the June 14, 2022 sheriff's sale to a third-party bidder.

On June 21, 2022, defendant moved to extend the redemption period, again arguing "additional time is needed to resolve further disputes and overcharges" related to the redemption amount. The court denied the motion on the same day. Defendant contended before the motion court and contends before us that on June 22, 2022, she attempted to tender $124,850.16 to redeem the property, which the sheriff did not accept. The redemption statement provided to defendant on June 22, 2022, by the sheriff lists the redemption amount due at $137,753.44, as comprised of:

| | |
|---|---|
| Judgment: | $100,881.39 |
| Plus additional sums/Interest: | $33,011.45 |
| Plus Sheriff's Commission: | $2,727.86 |
| Plus Sheriff's fees: | $1,132.75 |

On June 24, 2022, defendant moved to vacate the sheriff's sale, arguing the redemption amount was improperly calculated. On August 3, 2022, defendant filed an amended motion to vacate the sheriff's sale. In an August 5, 2022 order, the court denied both motions to vacate the sheriff's sale and gave defendant until August 31, 2022, to pay the full amount to redeem the property.

Plaintiff moved for an amendment of the August 5, 2022 order to include specific language regarding delivery of the sheriff's deed. In an order dated

A-3902-21

August 15, 2022, which was entered on August 17, 2022, the court amended the August 5, 2022 order to add the following paragraph: "6. The Sheriff is prohibited from delivering a deed to the third-party buyer until after the close of business on August 31, 2022."

On August 18, 2022, defendant filed her notice of appeal. Defendant also sought in the Appellate Division a stay of the transfer of the sheriff's deed to the third-party buyer. We denied that motion on September 23, 2022, holding:

> Defendant seeks to relitigate that amended judgment, claiming she was due additional credits and not noticed on prior orders for advances. The time for doing so, however, has long since passed. The remainder of the redemption sum consists of taxed costs included in the judgment, readily calculated interest and the sheriff's commission and fees. The record does not support defendant's assertion that she possessed or tendered to the sheriff the $124,850.16 in certified funds following the sale, although it appears she tendered the original judgment amount, and she has never asserted she is in a position to tender the full $137,753.44 calculated redemption sum, which includes, in addition to the amended judgment amount, interest, commissions and fees, all permitted by Rule or statute.
>
> [James B. Nutter and Co. v. Kennedy, No. A-3902-21 (App. Div. Sept. 23, 2022) (order at 2).]

On September 27, 2022, defendant sought leave to file an emergent motion for reconsideration, which we denied on September 28, 2022. The

A-3902-21

sheriff's deed transferring title of the property to the third-party buyer was signed on October 17, 2022, and recorded October 26, 2022.

I.

In her appellate brief, defendant rehashes several of the same arguments presented before the trial court and in her emergent application before us, including: (1) she was not given notice of the 2018 final judgment; (2) the $100,881.39 amount due in 2018 was improperly calculated, and she is due additional credit of $32,268.00 against the final judgment; (3) the 2021 order for $15,998.41 in additional funds was improperly calculated and should not have been added to her final judgment; (4) she was not given notice of the motions for additional funds; (5) her attempt to redeem the property for $124,850.16 should have been accepted; and (6) the sheriff's fees of $1,132.74 were overcalculated.

We review a trial court's denial of a motion to vacate a sheriff's sale under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)).

"[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." R.Y., 242 N.J. at 65 (2020) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

## II.

We perceive no abuse of discretion in the court's denial of defendant's motions to vacate the sheriff's sale. Defendant maintains she attempted to redeem the property on June 22, 2022, for $124,850.16, but the record supports plaintiff's position that defendant failed to tender the correct amount needed to redeem the property. Contrary to defendant's claims, orders for additional sums for real-estate taxes and force-placed insurance put in place to preserve a creditor's interest are routinely granted and, thus, there was nothing unlawful about the imposition of those additional costs. See Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 572 (2011). Similarly, we do not discern any error in the

8

calculation of post-judgment interest pursuant to Rule 4:42-11(a)(ii). Additionally, sheriff fees and costs are allowed under N.J.S.A. 22A:4-8 and are accurately reflected in the redemption amount. N.J.S.A. 22A:4-8 (2002) (amended 2024).[4]

Because defendant has not established the court erred in calculating the redemption amount due and has not asserted she tendered the full $137,753.44, defendant cannot establish the court based its opinions on an irrational basis or without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Chavies, 247 N.J. at 257 (quoting R.Y., 242 N.J. at 65). Moreover, the record also shows the court granted defendant additional time—until August 31, 2022—to pay the full amount to redeem the property, which she did not do.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] As amended in 2024, there is now a flat six-percent sheriff commission on sales. See N.J.S.A. 22A:4-8.